DEVIN M. SENELICK (State Bar No. 221478)
KATHERINE M. DRU (State Bar No. 280231)
BRIDGET A. GORDON (State Bar No. 287098)
**HOOPER, LUNDY & BOOKMAN, P.C.**
1875 Century Park East, Suite 1600
Los Angeles, California 90067-2517
Telephone: (310) 551-8111
Facsimile: (310) 551-8181
dsenelick@health-law.com

Attorneys for Plaintiffs
NUTRISHARE, INC., PATIENT ONE,
PATIENT TWO, and PATIENT THREE

Ronald K. Alberts  (SBN:  100017)
GORDON & REES LLP
633 West Fifth Street, 52nd Floor
Los Angeles, CA  90071
Telephone:  (213) 576-5000
Facsimile:  (213) 680-4470
ralberts@gordonrees.com

Jordan S. Altura (SBN:  209431)
Tino X. Do (SBN:  221346)
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111
Telephone:  (415) 986-5900
Facsimile:  (415) 986-8054
jaltura@gordonrees.com
tdo@gordonrees.com

Attorneys for Defendants
CONNECTICUT GENERAL
LIFE INSURANCE COMPANY and
CIGNA HEALTH AND LIFE INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| NUTRISHARE, INC., a California Corporation; PATIENT ONE, an individual; PATIENT TWO, an individual; and PATIENT THREE, an individual, <br><br>                Plaintiffs, <br><br>     vs. <br><br> CONNECTICUT GENERAL LIFE INSURANCE COMPANY, a Connecticut Corporation; CIGNA HEALTH AND LIFE | Case No. 2:15-CV-00351-JAM-AC <br><br> **STIPULATION AND ORDER REGARDING THE TREATMENT OF CONFIDENTIAL INFORMATION PRODUCED IN DISCOVERY** <br><br> The Hon. John A. Mendez <br><br> Trial Date:          June 20, 2016 |

INSURANCE COMPANY, a Connecticut Corporation, and DOES 1 THROUGH 100, inclusive,

   Defendants.

**TO THIS HONORABLE COURT:**

COME NOW Plaintiffs, Nutrishare, Inc. ("Nutrishare") and Patient One, Patient Two, and Patient Three (the "Patients") (Nutrishare and the Patients together, "Plaintiffs") and Defendants Connecticut General Life Insurance Company and CIGNA Health and Life Insurance Company (together, "CIGNA") (Nutrishare and CIGNA collectively referred to as "Parties"), who hereby stipulate as to the entry of the following Protective Order governing the disclosure of confidential information in this matter:

1. <u>PURPOSES AND LIMITATIONS</u>

The Court and Parties recognize that at least some of the documents and information being sought through discovery in the above-captioned action are normally kept confidential by Parties. Disclosure and discovery activity in this action are likely to involve production of confidential or private information, including without limitation protected health information, for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation, including without limitation as required by law.  Accordingly, Parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

Parties further acknowledge, as set forth in Section 10 below, that in accordance with Local Rule 141 and subject to public policy and further court order, nothing shall be filed under

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

2. DEFINITIONS

2.1 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c). In this particular litigation, based on Parties' allegations and contentions, Parties anticipate this Order will be used principally to protect personal medical information and protected health information of consumers and patients, including sensitive information regarding patient medical records, information regarding medical services requested, provided, and medical services for which CIGNA was billed or paid.

2.4 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6. Designating Party: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 Protected Material: any Disclosure or Discovery Material that is designated as "Confidential."

2.8. Outside Counsel: attorneys (including their support staff) who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 House Counsel: attorneys (including their support staff) who are employees of a Party.

2.10 Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staff).

2.11 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or counsel to or in court or in other settings that might reveal Protected Material.

4. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5. DESIGNATING PROTECTED MATERIAL

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the

material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other Parties), expose the Designating Party to sanctions. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend:

CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

Case No. 2:15-CV-00351-JAM-AC

on each page that contains protected material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") on each page that contains Protected Material.

  (b) No person shall attend portions of depositions pursuant to Federal Rules of Civil Procedure 30 or 45 at which Protected Material is disclosed unless such person is an authorized recipient under the terms of this Order.  If, during the course of a deposition, the response to a question would require the disclosure of Protected Material, the witness may refuse to answer or the Party whose Protected Material would be disclosed may instruct the witness not to answer or not to complete the answer, as the case may be, until any persons not authorized to receive such information have left the room.  For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential." This provision does not apply to Court proceedings.  When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days after completion of the transcript of the deposition (as certified by a court reporter) to identify the lines and pages of the testimony as to which protection is sought, Only those portions of the testimony that are appropriately designated for protection within the thirty (30) days shall be covered by the provisions of this Stipulated Protective Order.

  Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

  (c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions.

  5.3 <u>Inadvertent Failures to Designate</u>. If corrected within ten (10) days, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone,

waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

    6.1  Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    6.2  Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring in writing with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

    6.3  Judicial Intervention.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for

the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

If Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality within 21 days of the initial notice of challenge or within 14 days of Parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) House Counsel of the Receiving Party, as well as employees or agents of House Counsel, (1) to whom disclosure is reasonably necessary for this litigation;

(c) the officers, directors, and employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

1190452.1

  (e) the Court and its personnel;

  (f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

  (g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

  (h) the author of the document or the original source of the information;

  (i) witnesses interviewed by a party's representatives or counsel, where such disclosure is reasonably necessary for the purpose of factual investigation, discovery or trial preparation.

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.**

If a Receiving Party is served with a subpoena or an order issued in other litigation that could compel disclosure of any information or items designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by electronic mail or facsimile, if possible) immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue. The purpose of imposing these duties is to alert the interested Parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a

HOOPER, LUNDY & BOOKMAN, P.C.
1875 CENTURY PARK EAST, SUITE 1600
LOS ANGELES, CALIFORNIA 90067-2517
TEL: (310) 551-8111 • FAX: (310) 551-8181

lawful directive from another court.

9. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  Counsel for Parties shall agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials "CONFIDENTIAL." The Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order.

10. <u>FILING PROTECTED MATERIAL</u>.

Subject to public policy, and further court order, nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel.

11. <u>FINAL DISPOSITION</u>.

Unless otherwise ordered or agreed in writing by the Producing Party, within thirty (30) days of the conclusion of the trial and of any appeals, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Any documents, papers, disks, diskettes, thumb drives or other tangible things that include or contain information derived from confidential information shall be destroyed, except that privileged documents and information in court transcripts derived from Protected Material need not be

destroyed. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty (30) day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.

Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12. EXCEPTIONS

12.1 Nothing herein shall prohibit a party, or its counsel of record, from disclosing a document containing confidential information to the person the document identifies as an author or recipient of such document, or to any person (including third party witnesses) for which prior written approval for disclosure has been granted by the Producing Party. A Party's use for any purpose of its own documents, which that Party produces in this action, shall not be considered a violation of this Order.

12.2 Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

(a) at the time of disclosure hereunder, was already lawfully in possession of the Receiving Party and was not acquired through discovery or under any obligation of confidentiality; or

(b) after disclosure hereunder, was lawfully acquired by the Receiving Party from a third party lawfully possessing the same and having no obligation to maintain the confidentiality of the information.

13. **MISCELLANEOUS**

13.1 <u>Use of Email</u>.  Transmission by email is acceptable for all notification purposes herein.

13.2 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.  This Order may be modified by agreement of Parties, subject to approval by the Court.  The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.  Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

13.3   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right:

(a) to apply to the Court for a protective order relating to any confidential information for use at trial or relating to any discovery in this litigation;

(b) to object to the production of documents it considers not subject to discovery; or

(c) to apply to the Court for an order compelling production of documents

13.4   In the event anyone shall violate or thereafter violate any terms of this Order, the aggrieved Party may seek any remedy permitted by law, including but not limited to sanctions for contempt, damages for injunctive relief, and it shall not be a defense to request for injunctive relief that the aggrieved Party possesses an adequate remedy at law.

13.5   All persons subject to the terms of this Order agree that this Court shall retain jurisdiction over them for the purpose of enforcing this Order.

**IT IS SO STIPULATED**, this 29th day of July 2015.

Dated: July 30, 2015          HOOPER, LUNDY & BOOKMAN, P.C.


By:  ___/ s /_____
    KATHERINE M. DRU
Attorneys for Plaintiffs NUTRISHARE, INC., PATIENT ONE, PATIENT TWO, and PATIENT THREE

Dated: July 29, 2015          GORDON & REES LLP


By:  ___/ s /_____
    Ronald K. Alberts
    Jordan S. Altura
    Tino X. Do
Attorneys For Defendants CONNECTICUT GENERAL LIFE INSURANCE COMPANY and CIGNA HEALTH AND LIFE INSURANCE COMPANY

### **ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED

DATED:  7/30/2015          /s/ John A. Mendez
    Honorable John A. Mendez
    United States District Court Judge